## RODERICK McDERMOTT *vs.* JOHN McCORMICK.

The signature of a witness attests the execution of a note, though signed by the dedendant's *mark*.

If the declaration be in assumpsit on common counts, an acknowledgment under hand should be replied to a plea of non-assumpsit infra *tres* annos to get the benefit of the *six* year limitation.

THIS was an action of assumpsit, with the usual counts for money lent, &c. Pleas, non-assumpsit; the act of limitation, &c.

Plaintiff offered in evidence a due-bill for $600, dated February 28, 1840, signed by defendant's mark, and attested by James McDermott, who was proved to be dead, and proof was made of his handwriting. He also, gave some evidence of an acknowledgment in 1841, or 1842.

*Bayard* objected to reading the due-bill in evidence, on the ground that its execution was not sufficiently proved. The note was signed by a mark, and attested thus: "Witness, James McDermott." He said this attestation proves nothing. If the paper was signed by a name, the attestation of a witness' name, proves the signature; but where it is merely signed by a mark, the name of a witness proves nothing, unless it states what it is signed to prove; as witness to the mark; or to the signing by mark; or to the execution.

This paper is drawn by the plaintiff; the name of the defendant is written by the plaintiff; and the word "witness" is in the same hand. Everything but the name of the witness, and perhaps, the mark, is in the plaintiff's handwriting. The proof then of the signature of the witness, does not prove the note.

2. The case is barred by limitation. The action is in assumpsit on the common counts, and was brought Nov. 16, 1846, for a claim

which, if proved, is proved to have been due February 28, 1840. The three year bar applies, because, though this paper be relied on as an acknowledgment under hand, it cannot be of avail to remove the bar of the statute for more than three years, unless it had been declared on, or replied to the plea of the act.

3. If it had been declared on, it is barred by the six year limitation. The acknowledgment attempted to be proved of some admission in 1842, is too vague to be applied to this instrument.

4. The note is so scratched and erased in the indorsements, which become a part of the instrument, as to invalidate it.

*Mr. Wales.*—1. No form of attestation is necessary. The jury will say whether the word "witness" was not put there to attest that the witness saw the note executed.

2. There is no alteration on the face of the acknowledgment. The erasure is merely of indorsements, which being summed up in another place, are erased in detail.

3. As to the limitation, there is evidence of an acknowledgment in 1842. But the paper itself is an acknowledgment under hand, and the act does not run for six years. This is the cause of action. It need not be specially declared on. A promissory note may be given in evidence to prove the assumpsit on common counts.

The acknowledgment relied on is not an acknowledgment to take the case out of the act. It was never barred. Dated in 1840, it was acknowledged in 1842. (1 *B. & Ald.* 19.)

*Mr. Bayard* replied.

*By the Court.*—1st. As to the attestation by the word "witness," and the signature of the witness; it is very different from the formal attestation of a will when all the requisitions of the statute of wills must be contained in the certificate of attestation, or proved otherwise. But the signature of the witness to this paper, can mean nothing else than an attestation of the signing. The word "witness" can have no other application.

2. As to the alterations or erasures on the back of the note; they are not of such a character as to exclude the paper, but will be left to the jury as a circumstance of suspicion, and with direction that, unless explained, the presumptions would be against the party holding the paper.

3. As to the replication of the writ issued, to the plea of limitation, though usual in the English practice, it is never done here. The production and date of the writ are always a sufficient answer to the plea.

4. As to the acknowledgment to take the case out of the act of limitation, it must be a distinct recognition of the claim, or acknowledgment of a subsisting demand.

5. On the last ground, whether the plaintiff is at liberty to give in evidence this due-bill on the pleadings in this case, we think there is no doubt on principle, but are somewhat embarrassed by the former practice. The action is assumpsit on the common money counts, with a count on an account stated. The plea is non-assumpsit, and the act of limitation; that is, that the plaintiff did not promise within *three* years next before the commencement of this action; to which there is a general replication, which is, that the defendant did promise within three years. Under this issue, the due-bill is offered in evidence and objected to; its date being more than five years before this action was brought.

Had the evidence been admitted without objection, as has frequently been done, the question which has been argued would have arisen, viz: whether the form of the acknowledgment, being under hand, would not prevent the bar by showing that the *six* year limitation, and not the *three* year, is applicable to the case. But the evidence is itself inadmissible under the present issue. Had the plaintiff, instead of a general replication to the plea of the statute, replied that the party, by an acknowledgment under his hand, had promised within six years before action brought, this evidence might have been admitted.

At present we cannot rule it in under the issues now trying, and must nonsuit the plaintiff. We shall give him leave, however, if he chooses, to take this nonsuit off, with a view of leaving the further consideration of this question open.

A rule was laid to show cause why the nonsuit should not be taken off; which was afterwards discharged, but without argument.

Rule discharged.

*Wales*, for plaintiff.
*Bayard*, for defendant.